UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

NOV 09 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD D. ST. MARY, JR. § | |
| Plaintiff § | |
| § | H-98-3762 |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| ANHEUSER-BUSCH, INCORPORATED § | |
| and ANHEUSER-BUSCH COMPANIES, § | |
| INC. § | |
| Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Edward D. St. Mary, Jr. (hereinafter referred to as "St. Mary" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Anheuser-Busch, Incorporated and Anheuser-Busch Companies, Inc. (collectively "Busch" or "Defendants"), and for cause of action would show as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for race discrimination suffered by Plaintiff in the course of his employment with the Defendants. Plaintiff complains that he was denied promotions, subjected to different terms and conditions of employment, wrongfully terminated and discriminated against regarding the terms and conditions

of his employment because of his race. Plaintiff demands a jury on all issues triable to a jury.

2. Plaintiff's cause of action arises under 42 U.S.C. § 1981.

## II.
## PARTIES

3. Plaintiff Edward D. St. Mary, Jr. is a Black, African-American male, who is currently a resident of Golden, Colorado.

4. Defendant Anheuser-Busch, Incorporated is a Missouri corporation, duly authorized to do business in the State of Texas. Service of the Summons and this Complaint may be made by serving its registered agent, CT Corporation System, 320 N. St. Paul Street, Dallas, Texas 75201.

5. Defendant Anheuser-Busch Companies, Inc. is a Delaware corporation, and is the parent company of Anheuser-Busch, Incorporated which maintains offices and conducts business in the State of Texas. Service of the Summons and this Complaint may be made by serving its registered agent, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## III.
## JURISDICTION

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and (4) and 1367.

7. The Court has personal jurisdiction over the Defendants since its principal place of business is Texas, and therefore has minimum contacts with the State of Texas. Moreover, the acts Plaintiff complains of occurred within the State of Texas.

8. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

## IV.
## CONDITIONS PRECEDENT TO SUIT

9. All conditions precedent to this suit have been met.

## V.
## FACTS

10. Plaintiff is a male resident of Golden, Colorado, whose race is Black.

11. Plaintiff began working for Defendants on July 8, 1985 as a BP&S Foreman.

12. On or about December 7, 1996, Plaintiff was terminated from his position with Defendants.

13. During Plaintiff's employment, he was subjected to ridicule and discrimination based upon his race. During the first five years of his employment, Plaintiff did not receive a raise. Plaintiff learned that his annual appraisals were routinely sent back to be rewritten because they were "too good". When Plaintiff finally did receive a promotion in October 1996, he was given numerous conditions which were not given to other similarly situated employees. Management with the Defendants were heard to say there were no minorities "worth" promoting. Although Plaintiff did eventually receive a promotion in October 1996, he was terminated in December 1996 on the pretext that he did not report a possible conflict of interest that could have been detrimental to the company.

14. Plaintiff would show that being subjected to different terms and

conditions of his employment and the decision to terminate him were not based on merit but rather were based on discriminatory reasons and the explanations of Defendants were pretextual.

## VI.
## CAUSES OF ACTION
## RACE DISCRIMINATION

15. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

16. Plaintiff's race is Black, a protected group that 42 U.S.C. § 1981a intended to protect.

17. By the above-described acts, Defendants discriminated against Plaintiff because of race by tolerating and failing to take affirmative action to correct these unlawful employment practices, by discriminating against him with respect to terms, conditions and privileges of his employment because of his race as they relate to discrimination based on Plaintiff's race, through denial of his employment rights and benefits, promotions and achievement, and through his termination, all in violation of 42 U.S.C. § 1981a. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

18. As a result of Defendants' discriminatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

## VII.
## SECTION 1981 VIOLATION

19. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

20. Plaintiff's national origin is African-American, a protected group that 42 U.S.C. § 1981a intended to protect. As such, plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct.

21. Defendants' discrimination against Plaintiff with respect to terms, conditions and privileges of his employment and the termination of Plaintiff violate 42 U.S.C. § 1981, for which plaintiff requests compensatory and punitive damages.

## VIII.
## ATTORNEY'S FEES

22. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

23. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to 42 U.S.C. § 1988.

24. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## IX.
## RELIEF REQUESTED

Plaintiff prays for the following relief:

1. For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

2. For compensatory damages and punitive damages as allowed by law;

3. For attorneys' fees;

4. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

5. For pre-judgement and post-judgement interest as allowed by law;

6. For costs of court, costs of prosecuting Plaintiff's claim; and

7. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

AHMAD & ZAVITSANOS, P.C.

By: _____

Joseph Y. Ahmad
State Bar No. 00941100
Federal I.D. No. 11602
3460 Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

ATTORNEY FOR PLAINTIFF